IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JERRY DALE POPEJOY                                                              PLAINTIFF

V.                          CASE NO. 3:17-CV-03118

DEPUTY KEVIN HUNT,
Carroll County Sheriff's Office;
DEPUTY HERNANDEZ;
DEPUTY DEAN; and,
MRS. SHADDOCK                                        DEFENDANTS

## OPINION AND ORDER

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* He is incarcerated in the Carroll County Detention Center.

The action is currently before the Court on a Motion to Dismiss (Doc. 11) filed by Separate Defendants Deputy Hernandez and Deputy Hunt, and a Motion for Injunctive Relief (Doc. 16) filed by Plaintiff. Plaintiff did not respond to the Motion to Dismiss, but Defendants did respond to the Motion for Injunctive Relief. *See* Doc. 19.

## I. BACKGROUND

According to the allegations of the Complaint, on the day Plaintiff was booked in the jail, he refused to wait in his cell until officials finished the booking process. Plaintiff alleges that Defendant Shaddock said he was flirting with her. Plaintiff agrees, but claims she was also flirting with him. Plaintiff further alleges that Officer Dean entered the booking area and shoved Plaintiff into the wall, then took him to the floor, hit him, and dragged him into his cell. As a result of this incident, Plaintiff was charged with battery. He maintains, however, that he did not hurt anybody, swing at anyone, or do anything wrong. As relief, Plaintiff would like an attorney so that he can have the criminal charges against him

dropped, and he also requests a settlement of this matter.

## II. DISCUSSION

### A. Motion to Dismiss

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Deputies Hernandez and Hunt have moved to dismiss the claims against them on the grounds that Plaintiff has not alleged any facts that show that either of them engaged in any wrongful activity or caused damage or injury to Plaintiff. Deputies Hernandez and Hunt also point out that they are not mentioned by name in the body of the Complaint. They contend they are entitled to dismissal of both the individual official capacity claims against them. The Court agrees.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws"

of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Further, to establish liability under § 1983 there must be some personal involvement on the part of the Defendant. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted). The Complaint in the case at bar fails to mention Deputies Hernandez and Hunt by name or explain the acts of wrongdoing they allegedly committed. The Complaint also fails to explain how either Defendant is liable in his official capacity. The Motion to Dismiss will be granted.

### B. Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction against Carroll County for what he describes as acts taken against him by a Carroll County deputy in retaliation for filing the instant lawsuit. According to Plaintiff, on January 15, 2018, after he filed this lawsuit, he witnessed Carroll County Officer Mehn—who is not a Defendant here—physically abuse another inmate. Plaintiff told Officer Mehn that he thought his treatment of the other inmate was unlawful. Officer Mehn then approached Plaintiff, and Plaintiff alleges that the two had a discussion which included the topic of Plaintiff's civil lawsuit. According to Plaintiff, Officer

3

Mehn drew his taser at some point, brandished it, and said: "I will pop your door." Plaintiff interprets Officer Mehn's act as a threat of violence against him for filing the instant lawsuit. Plaintiff mentions in his Motion that Mrs. Shaddock, who is a Defendant in this case, also happens to be Officer Mehn's spouse. As relief, Plaintiff requests that Carroll County transfer him to a different jail—a "safe, neutral, third-party holding facility"— while this civil action is pending.

Defendants do not contest the facts Plaintiff sets forth in the Motion. Instead, Defendants argue that, even if these facts are true, Plaintiff has failed to demonstrate an immediate threat of irreparable harm and an entitlement to injunctive relief. Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. Courts must take into account the following factors when considering whether to award preliminary injunctive relief: 1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and, (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *see also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held that "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). The

burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

A preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Here, granting Plaintiff's request for relief would require the Court to instruct *the state* on where to house its prisoner, which is something the Court is loath to do without sufficient good cause.[1] Furthermore, under these facts, the Court is not persuaded that Plaintiff will suffer irreparable harm if he remains in custody at the Carroll County facility. These considerations also lead the Court to conclude that the issuance of the injunction would not be in the public interest. The Motion for Preliminary injunction will therefore be denied.

### III. CONCLUSION

**IT IS ORDERED** that the Motion to Dismiss (Doc. 11) filed by Deputies Hernandez and Hunt is **GRANTED**, and all claims against them are **DISMISSED WITHOUT PREJUDICE**. The case will proceed against the remaining Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief (Doc. 16) is **DENIED**.

---

[1] Plaintiff is currently being held in Carroll County on pending state criminal charges.

IT IS SO ORDERED on this 20th day of February, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE